COVINGTON COTTON OIL CO. v. BICKMORE NITRATING COTTON CO.,
Inc.

(Circuit Court of Appeals, Fifth Circuit. February 23, 1921.)

No. 3485.

1. **Pleading ⬤�net388—Difference between pleading and proof as to extent of false representation not variance.**

That an answer alleged a false representation by a plaintiff corporation that it had a paid-in capital of $5,000, while the proof was that it represented its paid-in capital as $10,000, *held* not a material variance; the gist of the defense being the false representation.

2. **Sales ⬤⟿53 (3)—Right of rescission question for jury.**

The right of a defendant to rescind a contract for the sale to defendant of 500 bales of cotton linters for future delivery, on the ground of false representations by plaintiff that it was a corporation with a stated amount of paid-in capital, *held* a question for the jury, where there was evidence that such representations were made, and that at the time of contract plaintiff was not yet organized, and tending to show that, when defendant gave notice of rescission, plaintiff had little, if any, capital paid in.

In Error to the District Court of the United States for the Northern District of Georgia; Wm. T. Newman, Judge.

Action by the Bickmore Nitrating Cotton Company, Incorporated, against the Covington Cotton Oil Company. Judgment for plaintiff, and defendant brings error. Reversed.

E. Marvin Underwood and John T. Dennis, both of Atlanta, Ga. (Hewlett & Dennis and Alonzo Field, all of Atlanta, Ga., on the brief), for plaintiff in error.

A. G. Powell and Marion Smith, both of Atlanta, Ga. (Little, Powell, Smith & Goldstein, of Atlanta, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Defendant in error was plaintiff below, and brought suit to recover damages for breach of a contract for the sale and future delivery to it by defendant of 500 bales of cotton seed linters. Defendant admitted the execution of the contract, and that plaintiff had lost profits in the amount claimed as damages, but set up in its answer the affirmative defense that it was induced to enter into the contract by false and fraudulent representations of plaintiff's financial responsibility. Descending to particulars, the answer alleged that the business manager of the plaintiff company represented that it was, at the time of the contract, a corporation fully organized, and with paid-in capital stock of $5,000; that this false and fraudulent statement was made with the intention to deceive defendant, and was believed to be true and relied upon; and that, upon discovery of its falsity, defendant elected to, and did, rescind the contract. The evidence introduced to sustain the answer was, substantially, that defendant before entering into the contract required the broker who procured it to ascertain the

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

financial standing of the plaintiff company; that, upon making inquiry as directed. the broker was informed by its manager that the plaintiff company was at that time fully organized, and had a paid-in capital stock of at least $5,000; that the contract, which was dated June 26, 1916, was executed on behalf of plaintiff by its manager before the 1st day of July following; that during the month of July, 1916, the manager of plaintiff company admitted to the president of defendant company that none of the capital stock of the former company had even up to that time been paid in, but stated that it would be before the dates arrived, for delivery of the goods. At the trial the broker was uncertain whether plaintiff's manager stated that the amount of the paid-in capital stock was $5,000 or $10,000, but defendant's president testified that this amount was reported by the broker to be $10,000. There was much conflict between the evidence for defendant and that for plaintiff on the issues raised by the answer.

The evidence of plaintiff tended to show that the organization meeting of the plaintiff company was held July 1, 1916, and that prior thereto $500 of its capital stock had been paid in. It was admitted, however, that at the time of the interview between the representatives of the two companies there had not been paid in to the plaintiff corporation in excess of $500 on account of capital stock. August 3, 1916, defendant wrote the plaintiff a letter which contained the following statements:

"On July 31st, I requested that your Mr. H. C. Bickmore come to my office, as I wished to get some further information in regard to the financial standing of your corporation, and during the conversation Mr. Bickmore stated that the Bickmore Nitrating Cotton Company was incorporated under the laws of New York, with an authorized capital of $5,000, of which not a dollar had been paid in, and that the corporation was doing business without having effected an organization under your charter, but that they expected to pay the amount in before the opening of next season. This statement, of course, was a great surprise to us, as our contract with you had been based entirely on information secured by L. S. Smith from you; otherwise, we would not have executed the contract. As we have been misled in believing that your company had a paid-in capital stock of $10,000, as represented by your Mr. Bickmore to Messrs. L. S. Smith and W. D. Hall, we beg to advise that we here and now rescind the contract as made by us, and refuse to have any further connections with it in any shape or form."

Defendant's president testified that the linters did not advance in price until the following October, and that he resold them at the same price as that fixed in the contract. At the close of the evidence the court directed a verdict for the plaintiff.

[1] The assignments of error are based upon the contention that defendant's evidence was sufficient to require the submission of the case to the jury. In support of the trial court's direction of a verdict, plaintiff claims there was a variance, in that the false representations alleged fixed the amount of the capital stock paid in at $5,000; whereas, it is said, defendant's evidence tended to show that this amount was represented to be $10,000. The representation was false, according to defendant's evidence, whether it was that the capital stock paid in consisted of the smaller or greater amount, because there was evidence

tending to show that no capital stock had been paid in. The letter clearly shows that the defendant elected to rescind because of the alleged falsity of a material representation by the plaintiff as to the amount of its capital stock paid in. If the defendant had the right to rescind because of a representation alleged and proved, the letter none the less showed an exercise of that right, although it may have inaccurately stated, as to amount only, what the representation was. Besides, the statement of the amount of stock paid in was not the only material thing claimed to be false in the representations, and it was not incumbent upon defendant to prove the falsity of all the material representations made, but proof of any one of them was sufficient. The corporation was only in process of organization at the date of the contract. Its organization meeting had not then been held, according to all the evidence. It is admitted by plaintiff that only $500 of its capital stock had been paid in at the time of organization, and also that no more than that had been paid in at the time of the interview between the representatives of the two companies. We are of opinion, therefore, that there was no variance.

[2] To sustain the judgment, plaintiff also takes the position that the suit could not be defended by proof that no capital stock, or a less amount than $10,000, had been paid in, because defendant in its letter assigned as a reason for rescinding the contract the representation that plaintiff's capital stock had been paid in to the amount of $10,000. The rule of law, that one may not rescind a contract upon one ground and then defend upon a different one, is recognized as being well established. However, the letter does not appear to lay as much stress upon the amount of the capital stock as it does upon the circumstances that there was no capital stock paid in, no corporation organized, and no financial responsibility behind plaintiff's obligations. It could not be well argued that defendant was seeking to save itself from a losing bargain, because, as already stated, there was testimony, that the price of linters had not then advanced, and that they were sold to others at the same price as that specified in the contract with plaintiff.

We are of opinion that the rights of the parties depend, not upon questions of law, but upon questions of fact, and inasmuch as there is a conflict in the evidence upon material facts, the case is peculiarly one to be settled by the verdict of a jury.

The judgment is reversed, and the cause remanded for a new trial.