VREDENBURGH et al. v. BACHMAN et al.

(Circuit Court of Appeals, Fifth Circuit.
February 17, 1926.)

No. 4686.

1. Fraud ⚖══4—Intent to deceive is not essential to actionable fraud in transactions in realty (Acts Tex. 1919, c. 43 [Vernon's Ann. Civ. St. Supp. Tex. 1922, arts. 3973a–3973c, now Rev. St. Tex. 1925, art. 4004]).

Under Acts Tex. 1919, c. 43 (Vernon's Ann. Civ. St. Supp. Tex. 1922, arts. 3973a–3973c, now Rev. St. Tex. 1925, art. 4004), defining actionable fraud in transactions in realty, intent to deceive by false representations made is not essential to actionable fraud.

2. Fraud ⚖══3.

State lawmaking power may define actionable fraud in regard to real estate transactions within state.

3. Fraud ⚖══3.

Whether fraudulent representations in real estate transaction constitute fraud is determined by law of state, regardless of tribunal where claim is asserted.

4. Fraud ⚖══65(2)—Instruction requiring finding of intentional deceit in real estate transaction held erroneous, though petition alleged representations were knowingly false (Acts Tex. 1919, c. 43 [Vernon's Ann. Civ. St. Supp. Tex. 1922, arts. 3973a–3973c, now Rev. St. Tex. 1925, art. 4004]).

Under Acts Tex. 1919, c. 43 (Vernon's Ann. Civ. St. Supp. Tex. 1922, arts. 3973a–3973c, now Rev. St. Tex. 1925, art. 4004), erroneous instruction, requiring finding of intent to deceive as condition precedent to recovery for alleged misrepresentations in real estate transaction, was not sustainable merely because petition contained allegations that representations were knowingly false; such allegations being superfluous, except on issue of exemplary damages.

5. Pleading ⚖══388.

A material variance can only be predicated on allegations of material and essential facts.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Action by J. L. Vredenburgh and others against J. A. Bachman and another. Judgment for defendants, and plaintiffs bring error. Reversed and remanded for new trial.

Robt. E. Cofer, of Austin, Tex. (John D. Cofer, of Austin, Tex., on the brief), for plaintiffs in error.

C. A. Wilcox, Ireland Graves, and Ike D. White, all of Austin, Tex. (White, Wilcox, Graves & Taylor and R. L. Batts, all of Austin, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. [1] This was an action by plaintiffs in error (herein called plaintiffs), to recover damages because of alleged false representations made by defendants in error (herein called defendants) as to the value, location, condition, and productiveness of a described tract of land in California, which, pursuant to a trade made at Austin, Texas, in May, 1921, for the exchange of lands, was conveyed to plaintiffs by defendants. There was evidence tending to prove the material allegations of the petition. The court instructed the jury to the effect that the plaintiffs were not entitled to recover unless the representations alleged and deposed to were known to be false at the time they were made, and were made with the intent and purpose of deceiving the parties to whom they were made.

A recently enacted Texas statute provides as follows: "Actionable fraud in this state with regard to transactions in real estate * * * shall consist of either a false representation of a past or existing material fact, or * * * all persons guilty of fraud, as defined by this act, shall be liable to the person defrauded for all actual damages. * * * All persons making the false representations * * * shall be jointly and severally liable in actual damages, and in addition thereto all persons knowingly and willfully making such false representations * * * shall be liable in exemplary damages." Acts of Texas Legislature of 1919, c. 43, p. 77 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c); Rev. Civil Statutes of Texas of 1925, art. 4004. Whether, prior to the enactment of that statute, an intent to deceive was or was not an essential element of a fraudulent representation, for which damages were recoverable, such an intent is not a requisite element of actionable fraud, as defined in that statute, with regard to transactions in real estate. This was recognized in the case of Carver v. Moore (Tex. Civ. App.) 275 S. W. 90, which was a suit for damages for fraud in the exchange of lands. The following was said in the opinion in that case (at page 95): "It is not denied that Moore had been deceived, that he acted in good faith, and was injured thereby. It is immaterial whether Carver knew he was defrauding Moore, or intended to do so. The result is the same."

[2, 3] It is not to be doubted that it is competent for the lawmaking power in Texas to determine what constitutes actionable fraud in regard to a real estate transaction occurring in that state. The quoted provision as to what actionable fraud in such a transac-

tion shall consist of is one of substantive law. What is required to entitle plaintiffs to recover damages for false representations made by the defendants in the transaction in question is determined by the law of Texas, in whatever tribunal the claim may be asserted. Under the above-mentioned instructions, though the jury believed from the evidence that the plaintiffs sustained damages in consequence of alleged false representations by the defendants of past or existing material facts, they could not find in favor of the plaintiffs unless defendants knew those representations to be false at the time they were made, and made them with the intent and purpose of deceiving the parties to whom they were made. The effect of those instructions was to require plaintiffs to prove more than the applicable law requires to be proved to entitle them to recover damages for the false representations alleged.

[4, 5] The above-mentioned instructions are not sustainable because the petition contained allegations to the effect that defendants knew that the stated representations were not true. Those allegations were not of a fact which was essential to the cause of action asserted. The right of the plaintiffs to recover was not dependent upon their proving immaterial or superfluous allegations. Under the quoted statute, the fact that representations were knowingly and willfully made is pertinent only to the question of the right of a plaintiff to recover exemplary damages. The petition did not claim exemplary damages. A material variance can be predicated only upon allegations of material and essential facts. Donati v. Cleveland Grain Co., 221 F. 168, 137 C. C. A. 68; Covington Cotton Oil Co. v. Bickmore Nitrating Cotton Co. (C. C. A.) 271 F. 80; Peck, Adm'r, v. Ashurst, 19 So. 781; 108 Ala. 429; 31 Cyc. 702.

The above-mentioned instructions were erroneous. The judgment is reversed, and the cause is remanded for a new trial.

Reversed.