## PELTON v. TRICO OIL CO. et al.
### No. 3270.

Court of Civil Appeals of Texas. Beaumont.

March 10, 1938.

Clark & Stegall, of Fort Worth, for appellant.

Storey, Sanders, Sherill & Armstrong, of Dallas, for appellees.

COMBS, Justice.

This is an appeal from a judgment of the district court of Rusk county, sustaining a plea of privilege and transferring the case to Dallas county, the domicile of the defendants.

The suit was filed by appellant, Pelton, whom we refer to as plaintiff, against appellees, Trico Oil Company and W. V. Lester, as defendants. The suit is for damages, actual and exemplary, for alleged fraud. In substance plaintiff charged that September 27, 1930, he entered into a contract with defendant Lester, acting for himself and as agent for Trico Oil Company, to purchase from them assignment of a lease covering the seven-eighths oil, gas, and mineral interest in two acres of land in Rusk county, Tex., for a cash consideration of $2,500; that Lester falsely and fraudulently represented that they owned the title to said lease, free from incumbrances; that, relying upon such representations, he purchased the lease; that in fact they did not own the lease but subsequently secured an assignment of it to him by the real owner, one R. E. Blankenship, who retained a $7,000 cash interest to be paid out of one-half of the oil produced; that by reason of said fraud the lease was rendered worthless and plaintiff was damaged in the manner and for the sums alleged; and that said fraud occurred in Rusk county, Tex. Defendants filed their plea of privilege, which was duly controverted by plaintiff. The trial of the issue was to the court. Plaintiff, the only witness who testified, stated in substance that defendant Lester, acting as the agent of the Trico Oil Company, discussed the matter of the assignment of the lease with plaintiff in Henderson, Rusk county, that Lester represented that the Trico Oil Company owned the lease, free of incumbrances, and would assign it to him for $2,500, and that he there agreed to take the assignment. He testified that at Lester's suggestion they then went to Dallas where plaintiff obtained an attorney and a conference was there held at which plaintiff's attorney was present. Lester repeated his statements that the lease was clear and that the company would make the assignment, but an officer of the company, a vice president or president, who would have to execute the assignment, was not present, and Lester there gave him a written receipt or memorandum, and he there paid to Lester the $2,500 consideration. He testified that he subsequently received an assignment and that he some months later discovered the existence of the incumbrance on the property. He did not recall whether the assignment was delivered to him in Dallas. He also testified with reference to damages suffered by him as the result of the alleged fraud. On cross-examination he stated that he would not have paid over the consideration without an assignment or written receipt. At the conclusion of the evidence

the trial court sustained the plea of privilege.

It is our conclusion that the judgment of the trial court must be affirmed. Plaintiff's evidence failed to establish the commission of a fraud upon him in Rusk county. As we interpret it, the evidence clearly warranted the trial court in finding, as he necessarily did in sustaining the plea of privilege, that no actionable fraud was committed in Rusk county. The transaction complained of was consummated in Dallas. It was there the deal was closed, the receipt or memorandum executed, and the money paid. Prior to that plaintiff had not acted upon the alleged fraudulent representations to his injury—elements essential to be shown in order to establish a case of actionable fraud. And, since plaintiff failed to discharge the burden resting on him of proving all essential elements of a "fraud committed" in Rusk county, the court properly sustained the plea of privilege. Vernon's Ann. Civ.St. art. 1995, subd. 7; Coalson v. Holmes 111 Tex. 502, 240 S.W. 896; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

The judgment is affirmed.