### TEXAS OSAGE CO-OP. ROYALTY POOL et al. v. BROWN.
#### No. 10262.

Court of Civil Appeals of Texas. San Antonio.

May 18, 1938.

Rehearing Denied July 20, 1938.

R. L. House, of San Antonio, for appellant.

Ditzler H. Jones, of Uvalde, and Geo. C. Herman, of Crystal City, for appellees.

SMITH, Chief Justice.

This suit concerns the mineral interest in 851.7 acres of land owned by C. A. Brown and situate in Zavala County.

On July 1, 1930, Brown conveyed an undivided half of said mineral interest to Texas Osage Co-operative Royalty Pool, a so-called trust, and the Flag Company of Texas, a Texas corporation, in consideration of a certificate of interest in said Royalty Pool.

On January 1, 1931, the Flag Company, Inc., an Oklahoma Corporation, sold 532 shares of the capital stock of the Flag Oil Corporation of Delaware, to Brown, in consideration of his note for $1,330, to which he attached his certificate of interest in the Royalty Pool, as collateral.

Brown brought this action against all of said oil concerns with other and non-resident parties, for rescission of the two contracts and cancellation of said conveyance, upon the ground that he was induced to execute the same by false representations made to him by agents of the oil concerns as to the value of the interests for which he exchanged his property. In a trial without a jury Brown recovered as prayed for, and the Royalty Pool and Flag Company of Texas have appealed.

The judgment must be reversed, if for no other reason, because of the failure of appellee to allege or introduce evidence to show that the property he conveyed had or has as great, or greater, value than that he received in exchange therefor. The rule is well established, and uniformly applied in such cases as this, that the equitable remedy of rescission and cancellation will not lie in cases of fraudulent misrepresentations made to induce exchange of properties, unless some injury or damage has resulted to the party claiming to be aggrieved. 2 Pom. Eq.Jur. (4th Ed.) § 898; Black Resc. & Canc. § 567; Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1; Bryant v. Vaughn, Tex.Com.App., 33 S.W.2d 729; Blankenship v. Lusk, Tex.Civ.App., 77 S. W.2d 341; American Rio Grande Land & Irrigation Co. v. Bellman, Tex.Civ. App., 272 S.W. 550. The record here is utterly silent upon this issue, both in pleading and evidence. We sustain appellants' third and fourth propositions.

We are also of the opinion that both the pleadings and the evidence, certainly the evidence, were insufficient to establish actionable fraud, which requires clear and satisfactory evidence as a basis for nullifying written contracts deliberately made between parties, as in this case.

Moreover, the record establishes the fact that long after these transactions, and after appellant concededly ascertained the matters of which he now complains, and seeks rescission, he accepted the benefits of those transactions, and thereby affirmed the contracts.

In the original disposition the judgment was reversed and the cause remanded, upon an opinion now withdrawn, but upon further consideration, on rehearing, we conclude that on the record made judgment should be here rendered for appellants, and it is so ordered.