Hill, Greer & Franki, of Mission, for appellant.

Kirk R. Mallory, of McAllen, for appellee.

## WIESEHAN v. CHAPAPAS.

### No. 10737.

Court of Civil Appeals of Texas. San Antonio.

June 26, 1940.

Rehearing Denied Aug. 7, 1940.

MURRAY, Justice.

Appellee, George Chapapas, instituted this suit in the 93rd District Court of Hidalgo County against John Wiesehan seeking rescission of a certain sales contract whereby Chapapas purchased from John Wiesehan one Model 30 Cletrac tractor for the sum of $1,900, to be paid as follows:

| One Model E 38 tractor, agreed credit | $ 600.00 |
| One Plymouth Sedan Automobile | 300.00 |
| Cash | 200.00 |
| Note and chattel mortgage | 800.00 |
| Total | $1,900.00 |

Appellee alleged that appellant had fraudulently represented to him that the Model 30 Cletrac tractor was suitable for the work he was doing in caring for and cultivating orchards and would do such work well, efficiently and satisfactorily, that it was in new, efficient and perfect mechanical condition, and would require only the customary minor mechanical adjustments, that it had ample power and speed for such duties and would operate economically on tractor fuel oil, and that necessary minor adjustments would be made by appellant without cost to appellee.

Appellee further alleged that these representations were false and asked rescission of the contract, cancellation of the note and mortgage, and judgment for the value

of the tractor, automobile and other payment made, and 'for special damages in that he had been required to rent another tractor at a cost of $110, and a loss of $350, in not being able to do his work properly in caring for orchards.

The case was submitted to a jury on special issues, who made the following findings:

1. Before Chapapas signed the retail sales order dated February 16, 1938, Wiesehan represented to him that the tractor in question would do Chapapas' orchard work well and efficiently. That the tractor was in perfect mechanical condition, except for minor mechanical adjustments; that it had ample power and speed for his work; and that it would operate economically on tractor fuel.

2. Such representations were false.

3. Chapapas did not continue to use and operate the tractor after he found such representations to be false.

4. The representations were not made by Wiesehan as his opinion regarding the tractor.

5. Chapapas did not know that the representations were false at the time he executed the chattel mortgage and note dated March 16, 1938.

6. Chapapas did not know that such representations were false at the time the retail sales order, dated February 16, 1938, was executed.

7. Chapapas would not have agreed to purchase said tractor if such representations had not been made.

8. The motor trouble that Chapapas had in operating the tractor was not due to the obstruction of the carbureter or fuel line by an abnormal amount of dirt and foreign substances.

Upon this verdict the trial court entered judgment in favor of Chapapas against Wiesehan in the sum of $1,010, from which judgment Wiesehan has prosecuted this appeal.

We will discuss appellant's eighth and ninth propositions first. By these propositions appellant complains of the measure of damages applied by the trial court in determining the amount of the judgment. The amount of the judgment was evidently arrived at by allowing $600 for equity in Model E-38 tractor, $300 for 1935 Model Plymouth automobile, and $110 for rent of another tractor. The retail sales order contained the following: "Allowance for trade-in Cletrac E-38-2-H-688, Equity $600.00, Cash with order $300.00 Car, $200.00 Cash."

There was no evidence as to the reasonable cash value of Chapapas' equity in the Cletrac E-38 tractor, nor was there any pleading as to this matter. It is clear that the court permitted appellee to recover the trade-in value of the Cletrac E-38 tractor as set forth in the sales order. This was error. The proper measure of damage where a sales contract is rescinded is ordinarily the difference between the reasonable cash market value of the property traded in and that received at the time of the exchange of the properties. The trade-in value as stated in the order does not establish the cash market value of the tractor. The record here shows that the large tractor had been returned to appellant and received by him. It follows that the most appellee could have recovered was the cash market value of the property traded in by him. The burden was upon appellee to offer evidence of this value and unless the evidence was conclusive as to this value the question should be submitted to the jury for its finding on the matter.

It is clear from the wording of the sales order that there was no attempt to agree upon the market value of the small tractor, but, on the contrary, that a trade-in value was agreed upon. If this sales order is to be set aside for fraud then neither party has a right to rely upon any of its provisions for any purpose. Appellee cannot repudiate the contract insofar as it places any obligation upon him, and at the same time treat it as a binding obligation as to appellant. It occurs to us that even if the sales order contained an agreement as to the market value of the small tractor, such agreement would not be binding on either party if such sales order is to be declared null and void as having been induced by fraud.

The recent case of Morriss-Buick Co. v. Pondrom, 131 Tex. 98, 113 S.W.2d 889, is directly in point and disposes of the question here presented adversely to appellee. Appellee contends that that case is not in point because there the suit was for damages and here the suit is for rescission. We cannot agree with this contention. There would be greater reason for not relying upon the trade-in value stated in a contract where it is rescinded for fraud in inducing its execution than

where no cancellation of the contract is sought, but only a suit for damages is brought.

■ It was also error to allow the item of $110 for rent of another tractor by appellee. If appellee was entitled to set the sales contract aside as being induced by fraud, then and in that event appellant would not be under any obligation to furnish appellee a tractor and could not properly be required to pay rent upon another tractor for appellee's use when the tractor sold to appellee failed to run. Appellee would have no right to continue to use the tractor he had received from appellant after he discovered it would not do his work satisfactorily and at the same time seek a rescission of the sales contract. If he was not entitled to use this tractor he will not be allowed, to recover what he has paid out as rent for another tractor to be used in the place of the tractor he had purchased. Webb v. Emerson-Brantingham Implement Co., Tex.Civ.App., 227 S.W. 499; Wimple v. Patterson, Tex.Civ. App., 117 S.W. 1034.

There are other propositions presented by appellant, but as they relate to matters which will probably not arise upon another trial we refrain from a discussion of them.

For the error pointed out the judgment will be reversed and the cause remanded.