## CHAPAPAS v. WIESEHAN.

### No. 11153.

Court of Civil Appeals of Texas. San Antonio.

June 17, 1942.

Rehearing Denied July 22, 1942.

R. M. Bounds, of McAllen, for appellant.
Greer & Cox, of McAllen, for appellee.

SMITH, Chief Justice.

This action was for rescission of a contract of sale or exchange of personal properties. Appellant, George Chapapas, hereinafter referred to as plaintiff, purchased, for $1,900, a "Model 30" farm tractor from appellee, John Wiesehan, herein called defendant, in consideration of (1) one Model 38 used tractor, valued by the parties for trade-in purposes at $600; (2) one used automobile of an agreed trade-in value of $300; (3) $200 to be paid in cash, and the balance, $800, evidenced by an installment note secured by chattel mortgage on the tractor sold to plaintiff. Plaintiff delivered the 38 tractor and automobile to defendant, but paid only $50 of the $200 cash consideration.

This is the second appeal in the case. The former trial resulted in jury verdict and judgment for plaintiff. This Court reversed the judgment and remanded the cause for a new trial. Wiesehan v. Chapapas, 142 S.W.2d 557. In the former opinion, by Mr. Justice Murray, the facts of the case are fully stated, and we refer to the report of that opinion for a better state-

ment of the case. The former judgment was reversed because of the failure of Chapapas to establish a proper measure of damages, and the principles applied in the first appeal are in effect decisive in this appeal. In both trials plaintiff sought to rescind the sale or exchange of properties, cancel his note and recover the value of the automobile and tractor he delivered to defendant as part consideration for the tractor purchased from defendant. In both trials and appeals plaintiff relied upon allegations and proof of defendant's false representations concerning the tractor purchased by plaintiff.

Plaintiff's suit for rescission was based on allegations that defendant orally represented to him that the Model 30 Tractor sold to him by defendant had certain qualities which "trial and error" showed it did not possess. Plaintiff testified to such representations and their falsity. Defendant offered no testimony upon the last trial.

The trial judge directed a verdict for defendant, and from the resulting judgment plaintiff has appealed.

█ Plaintiff purchased the Model 30 tractor from defendant on February 16, 1938, and the tractor was then delivered to him in pursuance of a "retail sales order" executed by the parties on that date. The alleged false representations were made in parol by defendant to plaintiff at and prior to that time, and plaintiff makes no contention here that he was induced to execute this instrument by reason of any fraud, accident or mistake. Plaintiff then put the tractor in use and continuously endeavored to use it, but alleged and testified that it failed from the first and continuously thereafter to perform as represented by defendant. But, in the face of his knowledge of the alleged faults of the tractor, plaintiff, in pursuance with the provisions of the sales order, executed the note and chattel mortgage on March 16th, a month after he purchased the tractor and put it in use and exposed its faults. The sales order embraced written warranties of the tractor, and plaintiff does not complain of any breach of the written warranties, but only of alleged parol misrepresentations made prior to the written warranties. Plaintiff having failed to allege or prove fraud, accident or mistake in the execution of the written agreement, he was cut off from reliance upon prior or contemporaneous parol representations, and having executed the note sought to be canceled after he had fully discovered the faults of the tractor he thereby confirmed the contract and waived any right to rescission, based on fraud. Plaintiff has ignored these questions in his presentation here, although their solution seems to be elemental.

Before considering the points presented in this appeal by plaintiff, we will consider for a moment the admitted fact that after vainly endeavoring to get performance out of the tractor sold to him by defendant, plaintiff returned the tractor to defendant, who accepted, retained and afterwards sold it to a third party, and failed to account to plaintiff for the proceeds of the sale. Defendant asserts in his brief that he took back the tractor in pursuance of a right given him in the contract to repossess it upon default by plaintiff in the payments provided in the chattel mortgage. The record does not appear to affirmatively support this assertion, although it is true the chattel mortgage gave defendant the right to repossess, and that plaintiff was in default, and the contract provided that in such case the amount of the note would be forfeited as liquidated damages. It is easy to see that under such circumstances the defendant, in accepting a return of the tractor and converting it to his own uses, he himself elected and effected a rescission. But plaintiff did not efficiently plead or prove rescission upon this ground, unless it be purely incidental to the grounds actually urged on this appeal. But, aside from the questions just adverted to, plaintiff failed in other respects to make out a case for recovery, as will be seen.

Plaintiff complains here only that the trial judge erred in directing a verdict for defendant, and in not submitting to the jury the several issues sought to be pleaded by plaintiff, that is, the issues of fraudulent oral representations, and of the represented and actual values of the tractor purchased by plaintiff and of the tractor and car traded in by plaintiff.

█ Defendant has replied in part to those contentions by asserting that plaintiff failed to show he had been damaged in the transaction; that he failed to show the represented and actual values of the tractor sold to him by defendant, or the values of the car and tractor traded in by plaintiff. These contentions of defendant are supported by the record, for, while showing that the tractor sold him by defendant fell

far short of the performance orally warranted by defendant, he failed to adduce any evidence of its actual value, or of its decreased value by reason of its failure and inability to perform, or that its value was less than the value of the traded in vehicles. In short, plaintiff failed to show such injury as would entitle him to rescission or damages for fraud. Texas, etc., Pool v. Brown, Tex.Civ.App., 118 S.W.2d 944.

Plaintiff alleged that the actual value of the tractor purchased by him from the defendant "did not exceed $1,000," thereby conceding that its value may have been as much as $1,000. He further alleged that the tractor was of no value to him "in his orchard work," for which particular purpose he purchased it. These allegations within themselves made it incumbent upon plaintiff to establish the actual market or intrinsic value of the tractor, or, in the alternative, that it had no value. But he failed to make such proof, or any part of it, and thereby failed to supply any proper measure of damages.

But, had it been conclusively established that the tractor purchased by plaintiff had no value whatever, it was still incumbent upon him to show the values of the car and tractor he traded in to defendant as part consideration for the purchased tractor, since plaintiff alleged and it is conceded that defendant has sold those vehicles, thereby putting it out of his power to restore them to plaintiff by rescission. In such case plaintiff's remedy was for damages in the amount of the value of those articles.

The measure of damages for fraud in such case would be the difference, if any, between the value of what plaintiff received and the value of what he parted with. George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804, 123 Am.St.Rep. 772, 15 Ann.Cas. 456; Morriss-Buick Co. v. Pondrom, 131 Tex. 98, 113 S.W.2d 889; Wiesehan v. Chapapas, Tex.Civ.App., 142 S.W.2d 557. In this case plaintiff not only failed to show the value of what he received, as has already been shown, but he failed as well to show the value of the automobile he traded in to defendant, although we think the evidence was sufficient to show the value of the tractor he traded in. By these omissions plaintiff failed to establish facts which would afford any rational measure of damages, and the trial judge therefore properly directed a verdict for

defendant, and could render no other judgment than that from which this appeal has been prosecuted. While the record may smack of injustice to plaintiff, he has had two opportunities to make his case, if any, and we are without authority to arbitrarily reverse in order to afford him a third opportunity.

Accordingly, the judgment must be affirmed and it is so ordered.