## CAMPBELL v. McCOWN.
### No. 2550.

Court of Civil Appeals of Texas. Waco.
Nov. 24, 1943.

Rehearing Denied Dec. 16, 1943.

E. L. Klett, of Lubbock, for appellant.

C. O. McMillan, of Stephenville, for appellee.

TIREY, Justice.

C. D. Campbell has appealed from an order (non jury) entered in the district court of Erath County, overruling his plea of privilege to be sued in Lamb County, the county of his residence.

Point 4 is: "Venue not maintainable in Erath County on the ground that fraud was committed there by deceiving plaintiff as to amount of acreage, where there is no evidence plaintiff was injured by the alleged fraud." This point is decisive of the case and requires a comprehensive statement.

The plaintiff (a resident of Brown County) brought this suit in the district court of Erath County against the defendant for recovery of damages in the amount of $1,956, based upon alleged fraud of defendant in misrepresenting the size of a tract of land situated in Erath and Comanche counties, sold by defendant to plaintiff. Plaintiff alleged substantially that defendant fraudulently represented to her in Erath County that said tract contained 715.3 acres, for which she paid the sum of $20 per acre; that said representation was a material inducement and induced her to purchase the tract; that the tract actually conveyed contained only 617.5 acres, and that there was a shortage of 97.8 acres and that, relying on said representation, she paid defendant the sum of $1,956 for land that she did not receive; and she further alleged "that had the tract of land deeded to her by the defendant contained 715.3 acres, as represented to her, it would have had a reasonable market value of $14,306.00, but that the land she actually received had a reasonable market value of not exceeding $12,350.00, and that the difference between the market value of the land as represented by the defendant and as actually received by plaintiff is the sum of $1956.00." Defendant filed his plea of privilege to be sued in Lamb County, and plaintiff controverted such plea and sought to hold venue in Erath County under subdivision 7 of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 7. The controverting affidavit alleged fraudulent representations

made to her by defendant in Erath County as to the amount of acreage and measure of damages substantially as in the original petition and attached a copy of same to the controverting affidavit and made it a part thereof.

Article 4004, Revised Civil Statutes (Acts 1919, p. 77), is applicable and controlling, and it provides in part: "Actionable fraud in this State with regard to transactions in real estate * * * shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into such contract * * *. All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract. * * *" See Sibley v. Southland Life Insurance Co., Tex.Sup., 36 S.W.2d 145, and for collation of authorities; Taylor v. Hill, Tex.Com.App., 221 S.W. 267, and cases therein cited, followed in Wilkirson v. Yarbrough, Tex.Civ.App., 238 S.W. 693, point page 696; Mason v. Peterson, Tex.Com. App., 250 S.W. 142, points 5, 6, p. 146, and Rahl v. Compton, Tex.Civ.App., 112 S.W. 2d 509 (writ dismissed). See also Vredenburgh v. Bachman, 5 Cir., 11 F.2d 473.

Section 8 of Article 10, R.C.S., which governs the construction of all civil statutory enactments, provides: "The rule of the common law that statutes in derogation thereof shall be strictly construed shall have no application to the Revised Statutes; but the said statutes shall constitute the law of this State respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice."

■ The plaintiff testified substantially to the effect that defendant did represent to her in Erath County that the land in question contained 715.3 acres, and that she relied on such representation and such representation induced her to purchase the property for the consideration of $20 per acre. Plaintiff was corroborated in this phase of her testimony by the defendant, who testified in part:

"Q. Just that part of the conversation concerning the number of acres of land? A. Well, I told her that it was surveyed by the County Surveyor of Comanche County, and if she wanted to re-survey it she could re-survey it or accept that survey.

"Q. Did you tell her about how many acres it was? A. No, sir * * *.

"Q. Did you tell her you would sell it to her for $20.00 per acre? A. I told her that was my price.

"Q. $20.00 per acre? A. Yes.

"Q. How did you figure out how much the total price was? A. By the way it was surveyed.

"Q. By 715 acres, didn't you? A. Yes, sir; according to the surveyor."

It is without dispute that plaintiff paid a total consideration of $14,306 for the land, and the evidence is ample to support the implied finding of the trial court that there was a shortage of 97.8 acres, and that by virtue of such shortage plaintiff paid to defendant the sum of $1,956 as part of the purchase price which she would not have paid had she known of such shortage. But where is the testimony as to the difference between the value of the property as represented or as it would have been worth had there been no shortage? We have searched the record and have failed to find it. It is true that the plaintiff did testify, in part, as follows:

"When Mr. Campbell told you out at his home that he had something over 700 acres of land and you and he agreed on the price of $20.00 per acre, state whether or not you believed what he told you about the amount, the quality of the land. A. I sure did.

"Q. Well, had you known that there was only about 600 acres, would you have bought the land and paid the price that you paid for it? A. Would I paid for the 600 acres?

"Q. Only paid for 600 at $20.00. A. Yes.

"Q. Then you wouldn't have paid the about $14,000.00 that you paid for all of it? A. No, sir. * * *

"Q. When Mr. Campbell sent the certificate of the surveyor over, did that satisfy you? A. Yes; I relied on Mr. Campbell; I thought it was all right * * *."

She further testified that after she ascertained the amount of the shortage, she made demand on defendant to reimburse her for the shortage at the price of $20 per acre. We find no other testimony adduced pertinent to damage. It is clear to us that the plaintiff wholly failed to prove from the facts or from inference the difference in the value of the property as represented or as it would have been worth had such tract contained the 715.3 acres and the actual value of the property in the condition it was at the time the conveyance was made.

We think the testimony is ample to support the trial court in the implied finding he made by overruling the plea of privilege to the effect that the defendant did represent to the plaintiff in Erath County that the land in question contained 715.3 acres, and that plaintiff relied on such representation and such representation induced her to purchase the property for the consideration of $20 per acre, and but for such representation she would not have purchased said property at the price she paid. It is without dispute that the plaintiff paid a total consideration of $14,306 for the land, and, as above stated, the evidence is ample to support the implied finding of the trial court that there was a shortage of 97.8 acres and that by virtue of such shortage plaintiff paid to the defendant the sum of $1,956 as part of the purchase price which she would not have paid had she known of such shortage. But the question arises: Since plaintiff failed to prove that she suffered actual damages by reason of the fraud perpetrated, measured by the rule provided for in Article 4004, supra, did plaintiff carry the burden imposed upon her by law and establish a cause of action against defendant? We think not. Said Article specifically provides in part: "All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract." It is clear to us that since no liability was shown by the evidence as provided by the statute, a cause of action was not established against the defendant. We think the construction we have placed on the statute is in harmony with the view expressed by our Supreme Court in Russell v. Industrial Transporta-tion Corporation, 113 Tex. 441, 258 S.W. 462. "This court, however, is committed by Russell v. Industrial Transportation Company * * * (supra) to the general rule hereinbefore stated, that proof of pecuniary damage must be made in a suit to rescind for fraud as well as in an action for damages." Nance v. McClellan, 126 Tex. 580, 89 S.W.2d 774, 775, 106 A.L.R. 117, point 1. See also Bryant v. Vaughan, Tex.Sup., 33 S.W.2d 729. "The gist of an action based upon fraud is found in the fraud of defendant and damage to plaintiff. Each of these elements must be established with a reasonable degree of certainty, and the absence of any one of them will prevent a recovery. * * * However, the general rule does not make one party responsible for every unauthorized, erroneous, or false representation made to the other, although it may have been injurious. The ground of the action for misrepresentation is fraud and damage; both must concur to constitute actionable fraud; and, when both concur, the action will lie." Wilson v. Jones, Tex.Com.App., 45 S.W.2d 572, 573, points 1 and 2. Since plaintiff failed to prove any actual damages suffered by her, we think she failed to prove one of the essential elements of fraud, one of the essential venue facts necessary to defeat defendant's plea of privilege under the authority of the Supreme Court in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, points 2 and 3, 4 and 5, and for collation of authorities. "The principle stated in Compton v. Elliott, supra had already been announced, in effect, by this court in Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896, when Justice Greenwood wrote that, in order to sustain venue under the exception described in subdivision 7, the plaintiff in proving that fraud was committed by the defendant in the county of the forum must prove all its elements." Moreland v. Leslie, 140 Tex. 170, 166 S.W.2d 902, 903.

We cannot say that "it appears that the facts were fully developed at the trial appealed from," and therefore under the authority of the Supreme Court in Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, points 3, 4, this cause must be reversed and remanded.

We have carefully considered all of the other points raised by appellant and we are of the opinion that they are not applicable to the factual situation here presented and, for that reason, are overruled. We think

a careful reading of the opinion of the Supreme Court in Dallas Joint Stock Land Bank v. Harrison, 138 Tex. 84, 156 S.W.2d 963, as well as the opinion of this court in Harvey v. Bain, Tex.Civ.App., 169 S.W.2d 568, and the opinion in Pelton v. Trico Oil Co., Tex.Civ.App., 114 S.W.2d 919 and Chapapas v. Wisehan, Tex.Civ.App., 163 S.W.2d 847, will show that they are distinguishable from the case at bar by reason of the peculiar factual situation presented by each case and that our decision in this cause is in nowise in conflict with these cases.

The judgment of the trial court is reversed and the cause remanded.